## JONES *et al against* SMITH.

A justice of the peace has jurisdiction to sustain an action upon an insolvent bond.

ERROR to *Susquehanna* county.

*Richard Smith* brought this suit against *Gilbert F. Jones* and *Eldad Brewster,* before a justice of the peace, upon an insolvent bond; the defendant demurred to the plaintiff's declaration; and the only question presented to the court here was, whether the justice had jurisdiction; the court below (*Herrick* president,) having decided that he had.

*Case* for plaintiff in error.

The condition of the bond being for the appearance of the insolvent, and performance by him of certain acts in court; the performance or non-performance being matter of record, cannot be tried by a justice. Cited *Eason* v. *Smith,* 8 *Serg. & Rawle,* 343. *Wilson* v. *Long,* 12 *Serg. & Rawle,* 58. *Schaffer* v. *McNamee,* 13 *Serg. & Rawle,* 44. *Commonwealth* v. *Reynolds,* 17 *Serg. & Rawle,* 367. *Zeigler* v. *Gram,* 13 *Serg. & Rawle,* 102.

*Conyngham* for defendant in error; whom the court declined to hear.

PER CURIAM.—There was no pretext for the demurrer. A bailbond is to be sued in the court where the original action is depending, for the sake of preserving the equitable control over the proceeding that is peculiar to the forum. But there is no such control of the proceeding in an action on an insolvent's bond, which is therefore within the spirit as well as the letter of the act of assembly, giving justices of the peace jurisdiction.

Judgment affirmed.